IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL J. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STANLEY W. TAYLOR, individually; | ) |
| RAPHAEL WILLIAMS, individually; | ) |
| SITTA B. GOMBEH-ALIE, M.D., | ) |
| individually; MUHAMMAD ARIF NIAZ, | )   C.A. No. |
| M.D., individually;  CORRECTIONAL | ) |
| MEDICAL SERVICES, INC., a Missouri | ) |
| corporation; CORRECTIONAL MEDICAL | ) |
| SERVICES OF DELAWARE, INC., a | ) |
| Delaware corporation; JOHN DOE | ) |
| MEDICAL PERSONNEL; and JOHN DOE | ) |
| CORRECTIONAL PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR EXTENSION OF TIME TO FILE AFFIDAVIT OF MERIT
PURSUANT TO 18 *DEL. C.* § 6853(a)(2) AND FOR ORDER COMPELLING
<u>PRODUCTION OF MEDICAL RECORDS</u>**

**NOW COMES** plaintiff, by and through counsel, and, pursuant to 18 *Del. C.* § 6853(a)(2), moves this Honorable Court for an Order extending the time for plaintiff to file the Affidavit of Merit required by 18 *Del. C.* § 6853(a)(1) and compelling defendants to produce plaintiff's medical records. In support of this Motion, the following is a statement:

1.  Contemporaneously with this Motion, plaintiff has filed a Complaint in this Court seeking damages as a result of civil-rights violations committed by defendants relating to his incarceration between August 25, 2005 and October 19, 2005 at the Howard R. Young Correctional Institution (HRYCI), located in Wilmington, New Castle County, Delaware. Also

included in plaintiff's Complaint are state-law claims for medical negligence brought under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Delaware law requires that complaints alleging medical negligence be accompanied by a sealed Affidavit of Merit "as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." 18 *Del. C.* § 6853(a)(1).

3. Plaintiff has attempted to obtain an Affidavit of Merit from an appropriate medical expert witness. However, plaintiff has not been able to do so for the following reasons:

(a) The medical expert witness plaintiff initially contacted, and who conducted a preliminary record review, has recently been diagnosed with terminal cancer; as a result, as of early August 2007, the expert has closed the expert's medical practice in its entirety, and the expert is unavailable to conduct further review of the merits of plaintiff's claim.

(b) As alleged in ¶¶ 33-35 of the Complaint, plaintiff has repeatedly but unsuccessfully attempted to obtain his medical records from HRYCI maintained by defendants. Without the entirety of plaintiff's medical records, plaintiff's prior medical expert, and most likely any other expert consulted by plaintiff, cannot provide the required Affidavit of Merit.

4. 18 *Del. C.* § 6853(a)(2) provides that the Court may grant a single 60-day extension of time in which to file the required Affidavit of Merit upon a showing of "good cause", which includes the inability to obtain, despite reasonable efforts, relevant medical records for expert review.

5. Plaintiff respectfully represents that "good cause" pursuant to 18 *Del. C.* § 6853(a)(2) exists in this case due to (a) the illness of his prior medical expert and the closing of

the expert's practice; and (b) defendants' failure to supply plaintiff with a copy of his medical records from HRYCI despite prompt and diligent attempts to do so.

6.  In addition, because plaintiff's medical records from HRYCI are crucial to an expert's review of this matter, and because the 60-day extension provided by 18 *Del. C.* § 6853(a)(2) will surely run before any defendant has filed its Initial Disclosures required by Fed. R. Civ. P. 26(a)(1), plaintiff respectfully requests that the Court issue an Order compelling any defendant who is in actual or constructive possession, custody, or control of plaintiff's medical records to provide a true, correct, and complete copy of such records to plaintiff's counsel within 30 days of the date of the Order, with the 60-day extension to be tolled until the receipt of such records.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court grant the relief requested in this Motion.

### D. DEL. LR 7.1.1 STATEMENT

Pursuant to D. Del. LR 7.1.1, the undersigned, attorney for plaintiff, certifies that it was impossible to make a reasonable agreement with the opposing parties on the matters set forth in this Motion, inasmuch as the opposing parties are presently unrepresented and also failed to respond to plaintiff's prior medical records requests, as averred in this Motion.

PERRY & SENSOR

By: /s/ Michael L. Sensor
Michael L. Sensor, Esquire
Delaware Bar ID No. 3541
One Customs House, Suite 560
P.O. Box 1568
Wilmington, DE 19899-1568
Telephone: (302) 655-4482
Attorney for Plaintiff

Dated: August 24, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused two copies of the foregoing pleading to be served upon the following by means of first class U.S. Mail, postage prepaid:

Stanley W. Taylor
38 Indian River Drive
Dagsboro, DE 19939

Raphael Williams
Howard R. Young Correctional Institution
P.O. Box 9279
Wilmington, DE 19809

Sitta B. Gombeh-Alie, M.D.
802 Ridge Court
Middletown, DE 19709

Muhammad Arif Niaz, M.D.
266 S. College Avenue
Newark, DE 19711


/s/ Michael L . Sensor (#3541)
Michael L. Sensor, Esquire

Dated: August 24, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL J. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STANLEY W. TAYLOR, individually; | ) |
| RAPHAEL WILLIAMS, individually; | ) |
| SITTA B. GOMBEH-ALIE, M.D., | ) |
| individually; MUHAMMAD ARIF NIAZ, | ) C.A. No. |
| M.D., individually; CORRECTIONAL | ) |
| MEDICAL SERVICES, INC., a Missouri | ) |
| corporation; CORRECTIONAL MEDICAL | ) |
| SERVICES OF DELAWARE, INC., a | ) |
| Delaware corporation; JOHN DOE | ) |
| MEDICAL PERSONNEL; and JOHN DOE | ) |
| CORRECTIONAL PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this _____ day of _____, 2007, upon consideration of Plaintiff's Motion For Extension Of Time To File Affidavit Of Merit Pursuant To 18 *Del. C.* § 6853(a)(2) And For Order Compelling Production Of Medical Records, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that:

(1)    Within thirty (30) days of the date of this Order, those defendants having possession, custody, or control of plaintiff's medical records from the infirmary at the Howard R. Young Correctional Institution (HRYCI) shall deliver to plaintiff's counsel a complete, true, and correct copy of any and all medical records in their possession, custody, or control pertaining to plaintiff's medical treatment at HRYCI, including, but not limited to, notes, charts, laboratory studies, films and reports from diagnostic studies, and the like.

(2) Pursuant to 18 *Del. C.* § 6853(a)(2), plaintiff is granted an extension of sixty (60) days from the date of the delivery of his medical records to plaintiff's counsel to file the Affidavit of Merit required by 18 *Del. C.* § 6853(a)(1).

_____
United States District Judge