# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARYL J. CARTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. 07-517*** |
| | : | |
| STANLEY W. TAYLOR, individually; | : | |
| RAPHAEL WILLIAMS, individually; | : | |
| SITTA B. GOMBEH-ALIE, M.D., | : | |
| Individually; MUHAMMAD ARIF | : | |
| NAIZ, M.D., individually; | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES, INC, a Missouri | : | |
| Corporation, CORRECTIONAL | : | |
| MEDICAL SERVICES OF | : | |
| DELAWARE, INC., a Delaware | : | |
| Corporation; JOHN DOE MEDICAL | : | |
| PERSONNEL; and JOHN DOE | : | |
| CORRECTIONAL PERSONNEL, | : | |
| | : | |
| Defendants. | : | |

## **A N S W E R**

The defendants Stanley W. Taylor and Raphael Williams answer the complaint as follows:

    1.    This is a legal contention for which no response is required.

    2.    This is a legal contention for which no response is required.

    3.    This is a legal contention for which no response is required.

    4.    Admitted that plaintiff was an inmate at the Howard R. Young Correctional Institution [hereafter "HRYCI"] from August 25, 2005 until October 19, 2005.  The balance of the paragraph is denied.

5. Admitted that Stanley W. Taylor was the Commissioner of the Department of Correction during the period of August to October 2005 and that the administrative offices are located at 245 McKee Road, Dover, DE. The balance of the paragraph is a legal contention for which no response is required.

6. Admitted that Raphael Williams was the Warden of HRYCI during the period of August to October 2005. The balance of the paragraph is a legal contention for which no response is required.

7. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

8. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

9. Admitted that the Department of Correction contracted with Correctional Medical Services, Inc. to provide health services to inmates and others.

10. Denied.

11. This is a legal contention for which no response is required.

12. This is a legal contention for which no response is required.

13. This is a legal contention for which no response is required.

14. This is a legal contention for which no response is required.

15. This is a legal contention for which no response is required.

16. Denied as stated. Admitted that FCM-DE contracted to provide health services to inmates and others.

17. Denied.

18. Denied.

19. Denied.

20. The document speaks for itself.

21. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

22. The paragraph violates the federal pleading rules and is denied.

23. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

24. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

25. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

26. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

27. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

28. Denied.

29. Admitted that plaintiff was release from custody on October 19, 2005.

30. The defendant is without sufficient information to form a belief as to the truth of this paragraph.

31.     The defendant is without sufficient information to form a belief as to the truth of this paragraph.

32.     The defendant is without sufficient information to form a belief as to the truth of this paragraph.

33.     Denied that the medical records maintained on plaintiff by the DOC or its medical contractor belong to plaintiff.  As to the balance of this paragraph, defendant is without sufficient information to form a belief as to its truth.

34.     The defendant is without sufficient information to form a belief as to the truth of this paragraph.

35.     The defendant is without sufficient information to form a belief as to the truth of this paragraph.

36.     This is an incorporation paragraph and does not require a response.

37 - 44.     These paragraphs are not directed to answering defendants.

45.     This is an incorporation paragraph and does not require a response.

46.     Denied.

47.     This is a legal contention for which no response is required.

48.     Denied.

49.     This is a legal contention for which no response is required.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.    This is an incorporation paragraph and does not require a response.

55.    Denied.

56.    This is a legal contention for which no response is required.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61–74.    These paragraphs are not directed to answering defendants.

## **Affirmative and other Defenses**

75.    The complaint fails to state a legal claim, in whole or in part, and should be dismissed.

76.    The claims are barred by the Eleventh Amendment of the U.S. Constitution.

77.    The claims are barred by the appropriate statute of limitation or statute of repose.

78.    Answering defendants are entitled to official immunity.

79.    State law claims, if any, are barred by sovereign immunity under the Delaware Constitution and the State Tort Claims Act, 10 *Del.C.* § 4001 et seq.

80.    Plaintiff's claims are barred, in whole or in part, due to the failure of plaintiff to exhaust his administrative remedies under State and Federal law.

81.    To the extent answering defendants are found to be liable to plaintiff, the damages, if any, must be reduced to reflect plaintiff's own wrongful

conduct under 10 *Del.C.* § 8132 where plaintiff was 50% or less comparatively liable.

## Cross Claims

82.     Answering defendants hereby assert a claim for indemnification against Correctional Medical Services, Inc., in accordance with contract between it and the Department of Correction for the State of Delaware.

83.     Answering defendants have denied liability and any wrongdoing in this matter.  However, in the event there is an adverse judgment against them, they are entitled to common law indemnification as against all other defendants whose negligence or wrongdoing was the primary cause of any and all damage sustained by the plaintiff, and for which the answering defendants, if liable at all, are only secondarily liable.

84.     With respect to any state law claim for negligence or wrongdoing or any recovery there under, answering defendants request that the relative degrees of fault be apportioned pursuant to the Uniform Contribution Among Tortfeasors Law, 10 *Del. C.* § 6301, *et seq.*

WHEREFORE, answering defendants request judgment in their favor for all that is just and proper, with costs and attorney fees assessed against plaintiff.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Marc P. Niedzielski
        Marc P. Niedzielski (#2616)
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, DE 19801
        Attorney for Taylor and Williams

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the date indicated he caused a copy of this document to be served electronically of the following:

    Michael L, Sensor, Esquire
    One Customs House, Suite 560
    P.O. Box 1568
    Wilmington, DE  19899-1568

        /s/ Marc P. Niedzielski
        Marc P. Niedzielski (#2616)
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, DE 19801
        Attorney for Taylor and Williams

DATED: October 25, 2007