UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL J. CARTER,                                ) | |
| ) | Case No. 07-517 |
| Plaintiff,             ) | JURY TRIAL DEMANDED |
| v.                                   ) | |
| ) | |
| STANLEY W. TAYLOR, individually;      ) | |
| RAPHAEL WILIAMS, individually;        ) | |
| SITTA B. GOMBEH-ALIE, M.D.,           ) | |
| Individually; MUHAMMAD ARIF NIAZ,     ) | |
| M.D., individually; CORRECTIONAL      ) | |
| MEDICAL SERVICES, INC., a Missouri    ) | |
| corporation; CORRECTIONAL MEDICAL)    | |
| SERVICES OF DELAWARE, INC., a         ) | |
| Delaware corporation; JOHN DOE        ) | |
| MEDICAL PERSONNEL; and                ) | |
| JOHN DOE CORRECTIONAL                 ) | |
| PERSONNEL,                            ) | |
| ) | |
| Defendants.         ) | |

--------------------------------------------------------

**DEFENDANTS SITTA B. GOMBEH-ALIE, M.D., MUHAMMAD ARIF-NIAZ, M.D., CORRECTIONAL MEDICAL SERVICES, INC. AND CORRECTIONAL MEDICAL SERVICES OF DELAWARE, INC.'S AMENDED ANSWER TO COMPLAINT**

Defendants Sitta B. Gombeh-Alie, M.D., Muhammad Arif-Niaz, M.D., Correctional Medical Services, Inc., and Correctional Medical Services of Delaware, Inc., (collectively "Answering Defendants"), by and through the undersigned counsel of record, state as follows:

INTRODUCTION

1.      The allegations of this paragraph constitute conclusions of law to which no response is required. Denied that Answering Defendants failed to provide adequate medical care and denied that Answering Defendants violated plaintiff's civil rights.

## JURISDICTION AND VENUE

2. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Answering Defendants do not contest jurisdiction.

3. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Answering Defendants do not contest venue.

## PARTIES

4. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

5. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. The remaining allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.

6. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. The remaining allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.

7. To the extent the allegations of this paragraph constitute conclusions of law, no response is required.

8. To the extent the allegations of this paragraph constitute conclusions of law, no response is required.

9. Denied.

10. Admitted, to the extent that "at all times pertinent" is limited to the period from August 25, 2005 through October 19, 2005.

11. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. The remaining allegations of this paragraph cannot be answered as Plaintiff has

failed to define "the local community". Plaintiff bears the burden of establishing the applicable standard of care. Pending clarification, Denied.

12. The allegations of this paragraph constitute conclusions of law to which no response is required.

13. The allegations of this paragraph constitute conclusions of law to which no response is required.

14. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Admitted that Plaintiff does not know the identities and locations of the John Doe medical personnel

15. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. The remaining allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.

## **BACKGROUND**

16. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. The remaining allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.

17. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendants, they are without information or knowledge sufficient to form a belief as the truth or falsity of the allegations of this paragraph and so they are deemed denied.

18. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required. To the extent the allegations of this paragraph are directed toward

Answering Defendants, they are without information or knowledge sufficient to form a belief as the truth or falsity of the allegations of this paragraph and so they are deemed denied.

19. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendants, they are without information or knowledge sufficient to form a belief as the truth or falsity of the allegations of this paragraph and so they are deemed denied.

20. The document from which Plaintiff selectively quotes here speaks for itself and Answering Defendant refers the Court to the complete documents.

21. Admitted only that CMS's contract with DOC ended June 30, 2002 and resumed July 1, 2005 by assignment.

22. Denied that the quality of medical care got worse after CMS took over the contract from FCM. Admitted that some doctors and nurses who had been employed by FCM stayed on to work for CMS and that some did not. Denied as to severe staffing shortages. Denied as to a lack of medical personnel to treat inmates at HRYCI. Denied that Plaintiff failed to receive adequate health care. Denied that Plaintiff suffered from a serious medical condition. Denied as to negligence, recklessness, deliberate indifference and causation.

## FACTUAL ALLEGATIONS

23. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

24. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

25. Admitted to the extent the allegations of this paragraph are consistent with and reflected in Plaintiff's medical records, which speak for themselves, otherwise denied. Answering

Defendants have no information or knowledge sufficient to form a belief regarding what Plaintiff may have advised non-medical personnel, and so those allegations are denied.

26. Admitted to the extent the allegations of this paragraph are consistent with Plaintiff's prison and/or medical records, which speak for themselves, otherwise denied.

27. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

28. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

29. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

30. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and so they are denied.

31. Admitted to the extent the allegations of this paragraph are consistent with Plaintiff's medical records, which speak for themselves, otherwise denied. Denied that the medical staff was ever made aware that Plaintiff "repeatedly requested medical attention from the HRYCI infirmary". Denied as to negligence, recklessness, deliberate indifference and causation.

32. Admitted to the extent the allegations of this paragraph are consistent with Plaintiff's medical records, which speak for themselves, otherwise denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the statements, thoughts or actions of Plaintiff or "Sgt. M. Moody" alleged herein, and so those allegations are denied.

33. Denied. CMS has no record of such a request.

34.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the statements, thoughts or actions of Plaintiff, Rep. Hazel Plant, or Diane Jergensen alleged herein, and so those allegations are denied.

35.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the statements, thoughts or actions of Plaintiff or Rep. Hazel Plant alleged herein, and so those allegations are denied. Mr. Altman has no record of such a request.

## COUNT I

36.     Answering Defendants repeat and re-allege each and every preceding paragraph as if fully set forth herein.

37.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations of this paragraph are denied, until the phrases "applicable community medical and mental health standards" and "all other applicable standards" are defined. Plaintiff bears the burden of establishing the applicable standard of care. All allegations of negligence, recklessness, deliberate indifference and/or causation are denied.

38.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations of this paragraph are denied, including each and every subpart.

39.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations of this paragraph are denied.

40.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  All remaining allegations of this paragraph are denied, including each and every subpart.

41.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and so they are denied. Denied as to any negligence, recklessness, deliberate indifference, or causation.

WHEREFORE, Answering Defendants respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## COUNT II

42.     Answering Defendants repeat and re-allege each and every preceding paragraph as if fully set forth herein.

43.     The allegations of this paragraph constitute conclusions of law, and no response is required.

44.     The allegations of this paragraph constitute conclusions of law, and no response is required.

WHEREFORE, CMS and CMS-DE respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## COUNT III

45.     Answering Defendants repeat and re-allege each and every preceding paragraph as if fully set forth herein.

46.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts of defendant Williams alleged herein, and so those allegations are denied.  All other allegations are denied. Denied as to any negligence, recklessness, deliberate indifference, or causation on the part of Answering Defendants.

47.  To the extent the allegations of this paragraph are not directed toward Answering Defendants, no answer is required.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required.  All remaining allegations are denied.

48.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts of defendant Williams alleged herein, and so those allegations are denied.  Denied that CMS or CMS-DE had inadequate staffing and denied that it did not provide reasonably adequate care to inmates such as Plaintiff.

49.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts or actions of defendant Williams alleged herein, and so those allegations are denied.  Denied that CMS or CMS-DE operated in a substandard manner or that it caused injury to Plaintiff.

50.  The allegations of this paragraph constitute conclusions of law to which no response is required. The remaining allegations of this paragraph are not directed toward Answering Defendants, and so no response is required; to the extent the remaining allegations are directed toward Answering Defendants, they are denied.

51.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts, awareness, or actions of

defendant Williams alleged herein, and so those allegations are denied. Denied that CMS or CMS-DE and its staffers at HRYCI had a pattern and practice of providing inadequate medical intake screening to inmates.

52. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts, awareness, actions or omissions of defendant Williams alleged herein, and so those allegations are denied. Denied that CMS or CMS-DE and its staffers at HRYCI had a pattern and practice of providing inadequate medical intake screening to inmates. Denied that CMS or CMS-DE mis-screened or misdiagnosed Plaintiff, denied that CMS or CMS-DE placed plaintiff in the wrong correctional environment for his injury.

53. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required; to the extent the allegations are directed toward Answering Defendants, they are without information or knowledge sufficient to form a belief as to their truth or falsity, and so they are denied.

WHEREFORE, Answering Defendants respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## COUNT IV

54. Answering Defendants repeat and re-allege each and every preceding paragraph as if fully set forth herein.

55. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations regarding the thoughts, awareness, actions or omissions of defendant Taylor alleged herein, and so those allegations are denied. Denied that Answering Defendants failed to provide medical care meeting the appropriate standards of care, denied that Answering Defendants' treatment of inmates with "serious medical" was inadequate, and denied that Answering Defendants violated Plaintiff's civil rights.

56. To the extent the allegations of this paragraph are not directed toward Answering Defendants, no answer is required. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations are denied.

57. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts of defendant Williams alleged herein, and so those allegations are denied. Denied that CMS or CMS-DE had inadequate staffing and denied that it did not provide reasonably adequate care to inmates such as Plaintiff.

58. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the thoughts or actions of defendant Williams alleged herein, and so those allegations are denied. Denied that CMS operated in a substandard manner or that it caused injury to Plaintiff, or that its care or lack thereof amounted to "cruel and unusual punishment".

59. The allegations of this paragraph constitute conclusions of law to which no response is required. The remaining allegations of this paragraph are not directed toward Answering Defendants, and so no response is required; to the extent the remaining allegations are directed toward Answering Defendants, they are denied.

60. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required; to the extent the allegations are directed toward Answering Defendants,

they are without information or knowledge sufficient to form a belief as to their truth or falsity, and so they are denied.

WHEREFORE, Answering Defendants respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## COUNT IV (sic)

61. Answering Defendants repeat and re-allege each and every preceding paragraph as if fully set forth herein.

62. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations of this paragraph are denied, until the phrases "applicable community medical and standards" and "all other applicable standards of care" are identified and defined. Plaintiff bears the burden of establishing the applicable standard of care. All allegations of negligence, recklessness, deliberate indifference and/or causation are denied on the part of Answering Defendants.

63. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations are denied, including each and every subpart.

64. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. All remaining allegations are denied.

65. To the extent the allegations of this paragraph constitute conclusions of law, no response is required. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and so they are denied. Denied as to all allegations of negligence, recklessness, deliberate indifference and causation on the part of Answering Defendants.

WHEREFORE, Answering Defendants respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## COUNT V

66. Answering Defendants repeat and re-allege each and every preceding paragraph as if fully set forth herein.

67. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.  To the extent such allegations are directed toward Answering Defendants, they will respond when the John Doe personnel are identified.

68. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.  To the extent such allegations are directed toward Answering Defendants, they will respond when the John Doe personnel are identified.

69. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required.  To the extent such allegations are directed toward Answering Defendants, they will respond when the John Doe personnel are identified.

70. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required. To the extent such allegations are directed toward Answering Defendants, they will respond when the John Doe personnel are identified.

71. The allegations of this paragraph are not directed toward Answering Defendants, and so no response is required. To the extent such allegations are directed toward Answering Defendants, they will respond when the John Doe personnel are identified.

WHEREFORE, Answering Defendants respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## COUNT VI

72. The allegations of this paragraph constitute conclusions of law to which no response is required.

73. The allegations of this paragraph constitute conclusions of law to which no response is required.

WHEREFORE, Answering Defendants CMS and CMS-DE respectfully request entry of judgment in their favor and against Plaintiff together with costs, fees, and such other relief as this Court deems just and appropriate.

## ADDITIONAL DEFENSES

74. Plaintiff fails to state a claim upon which relief can be granted.

75. Answering Defendants were not deliberately indifferent to any serious medical need.

76. Plaintiff fails to state a claim against Answering Defendants for medical negligence.

77. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

78. Plaintiff's claims are barred by the statute of limitations.

79. Answering Defendants were not acting under color of State or Federal law.

80. Plaintiff fails adequately to plead a claim for punitive damages.

81. Answering Defendants provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

82. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

83. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendants.

84. Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendants were not responsible and over whom Answering Defendants had no authority or control.

85. Answering Defendants, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

86. Answering Defendant CMS/CMS-DE is entitled to good faith immunity.

87. Answering Defendant CMS/CMS-DE is entitled to immunity or qualified immunity.

88. Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

89. Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

90. Plaintiff's claims may be barred or limited by contributory/comparative negligence.

91. Plaintiff failed to mitigate his damages.

92. CMS/CMS-DE had no policy or custom demonstrating deliberate indifference to Plaintiff's alleged serious medical need.

93. Answering Defendant CMS/CMS-DE is immune from liability under State law through the State Tort Claims Act, 10 Del. C. § 4001, *et seq*.

94. Plaintiff's claims against CMS/CMS-DE pursuant to 42 U.S.C. § 1983 are or may be barred by the inapplicability of the doctrine of respondeat superior.

95.     Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

96.     Answering Defendants hereby adopt any and all additional defenses hereinafter asserted by their co-defendants.

97.     Answering Defendants reserve the right to assert additional defenses in the future to the extent warranted by discovery.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION

98.     Answering Defendants deny that they are liable in any measure to Plaintiff.  If, however, Answering Defendants are held to answer to Plaintiff under the allegations in Plaintiff's Complaint, then Answering Defendants are entitled to indemnification and/or contribution from co-defendants Taylor, Williams, and John Doe Correctional Personnel for any amount which Answering Defendants might be required to pay to Plaintiff.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

99.     Answering Defendants deny all cross-claims asserted against them now or hereinafter.

WHEREFORE, Answering Defendants Defendants Sitta B. Gombeh-Alie, M.D., Muhammad Arif-Niaz, M.D., Correctional Medical Services, Inc., and Correctional Medical Services of Delaware, Inc., respectfully request entry of judgment in their favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC


/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants
Sitta B. Gombeh-Alie, M.D., Muhammad Arif-Niaz, M.D.,
Correctional Medical Services, Inc., and Correctional
Medical Services of Delaware, Inc.

Date:   October 29, 2007

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 29th day of October 2007, the foregoing Defendants Sitta B. Gombeh-Alie, M.D., Muhammad Arif-Niaz, M.D., Correctional Medical Services, Inc., and Correctional Medical Services of Delaware, Inc., Amended Answer to Complaint was filed via CM/ECF and electronically served upon the following:

> Michael L. Sensor, Esquire
> Perry & Sensor
> One Customs House, Suite 560
> P.O. Box 1568
> Wilmington, DE 19899
>
> Marc P. Niedzielski, Esquire
> Department of Justice
> 820 N. French St.
> Wilmington, DE 19801
>
> Ophelia Michelle Waters, Esquire
> Department of Justice
> 820 N. French Street, 8th Floor
> Carvel Office Building
> Wilmington, DE 19801

        /s/ James E. Drnec
      James E. Drnec, Esquire (#3789)